SIMONA EMELINA COMAS, Petitioner, *v.* DISTRICT COURT OF MAYAGÜEZ, Respondent.

No. 638.  Argued January 21, 1929.—Decided June 20, 1929.

*José Sabater* for the petitioner.  *Miguel García Méndez* for the intervenor.

MR. JUSTICE ALDREY delivered the opinion of the court.

Gerardo Arroyo Toro brought an action in the District Court of Mayagüez for the annulment of his marriage to Simona Emelina Comas on the ground that he had consented to the marriage under intimidation, adding an ancillary prayer for divorce. The defendant appeared and moved for eliminations and specifications regarding the complaint, for an order that her husband pay a certain sum for her support *pendente lite* and for costs and attorney's fees. Before the hearing on that motion the plaintiff amended his complaint by reducing it to an action for annulment. The parties having been heard later in regard to the said motion and the evidence which was presented, the plaintiff raised before the court the question of law that as no maintenance is allowed by the Civil Code *pendente lite* in an action for annulment of marriage, that motion should be overruled, and the court so held. That ruling has been brought up by the wife on certio-

rari and the original record in the action is now before this court which has heard the parties on the prayer of the wife that we set aside the order of the district court denying her the maintenance asked for.

Section Fifth of Chapter First, Title IV, Book First, of the Spanish Civil Code which was in force in Porto Rico until 1902 when it was substituted by the present Civil Code, refers to the civil effects of suits and decrees concerning annulment of marriage and divorce and its article 68 prescribes that after such actions have been instituted and admitted certain measures shall be adopted during the pendency thereof, one of them being the provisions for the support of the wife and of the children who do not remain under the authority of the father.

When the present Civil Code was enacted there was included in its Title IV, which treats of marriage, section 163 saying that marriage is dissolved (first) by the death of the husband or wife; (second) by divorce legally obtained; (third) if the marriage be declared null. Title V thereof entitled "Divorce" refers in its first chapter to the grounds for divorce, in the second to the procedure to be followed for obtaining it, in the third to the provisional measures to which an action for divorce may give occasion, in the fourth to the objections to the action for divorce, and in the fifth to the effects thereof. One of the provisional measures, according to section 168, is that if the wife has not sufficient means to provide for her maintenance during the suit, the district court shall order the husband to pay her a sum for her separate maintenance in proportion to his means. Section 170 thereof provides that decisions of a district court under that chapter are not appealable and shall be amended by the said court when the circumstances of the case require it. Title VI which treats of the nullity of marriage contains only sections 178 and 179, the former providing that when a marriage has not been contracted according to the requirements of the code, the same shall be null and void, and the latter indicating the

persons who have the right to bring actions for the nullity of marriage.

Although there is no provision in Title VI of the present code, treating of the nullity of marriage, that the husband shall support the wife during the pendency of the action, however, according to section 159, the husband is the manager of the conjugal property, except when otherwise stipulated; as section 157 imposes upon the husband the duty of protecting his wife and providing for her needs in proportion to his position and means, and as the defendant wife continues to be the spouse of the plaintiff until the dissolution of their marriage by a judgment declaring it void, it is the duty of the husband to give the wife the maintenance claimed by her during the pendency of the suit between them in order to comply with that statute inspired in the natural law that she should not be deprived of such maintenance during the pendency of the action. Therefore, we understand that in order to make that statute effective the provisions of section 168 stating the provisional measures prescribed for the action of divorce are applicable by analogy to an action for annulment of marriage.

The denial of the petition by the district court was based solely on the ground that in actions for annulment of marriage the wife has no right to maintenance, and although that decision may be appealable, the remedy by appeal would not be speedy, adequate and efficient and therefore the issuance of the writ of certiorari was proper.

The order appealed from must be set aside and the case remanded to the court below for a decision on the evidence.